[No. 5580.]

## THE SPRING VALLEY WATER WORKS *v.* MONROE ASHBURY.

BOARD OF SUPERVISORS OF SAN FRANCISCO — POWER TO AUDIT CLAIMS. — The Board of Supervisors of the City and County of San Francisco are the auditing officers of unliquidated demands against the City and County, and it is their duty to allow such claims as are just in full, or in some less but exact amount. They cannot set aside an amount out of which a less sum may be paid by any committee or officer.

CONSOLIDATION ACT OF SAN FRANCISCO — PUBLICATION OF RESOLUTIONS.—Under the San Francisco Consolidation Act, every ordinance or resolution of the Board of Supervisors involving an expenditure in excess of five hundred

dollars must, after its introduction, be published, with the ayes and nays, in some daily city newspaper at least five successive days before final action on the same.

Idem — Auditing by the Board of Supervisors. — Where a resolution authorizing an expenditure *not to exceed* $92,000 was passed by the Board of Supervisors of San Francisco, but was not published as required by law, and upon the refusal of the Auditor to allow it, an appeal was taken to the Board, whereupon another resolution was passed allowing the expenditure, but such order was not published: *held*, that both resolutions were void for want of publication.

Appeal from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

This was an application for a writ of mandate to compel the respondent, as Auditor of the City and County of San Francisco, to enter upon the books of his office a demand for $92,000, and to make an endorsement thereon of its having been so entered. The petition of the applicant alleged that the said sum was due from the City and County of San Francisco for water furnished for municipal purposes for forty-six months prior to November 30th, 1872; that the demand had been duly presented, had been allowed by the Auditing Committee of the Board of Supervisors, and allowed and passed by the Board of Supervisors in open session, and approved by the Mayor; that subsequently the claim had been presented to the respondent, as Auditor, and he had refused to approve and allow it; that thereupon an appeal had been taken to the Board of Supervisors, as provided in sec. 92 of the Consolidation Act, and the Board, on the 24th day of March, 1873, passed the following resolution:

"Resolution No. 4022 (new series). Whereas, This Board having duly considered the appeal of the Spring Valley Water Works, by its President, W. F. Babcock, from the action of the Auditor in refusing to audit the demand of the said Spring Valley Water Works for the sum of $92,000, said sum being the amount heretofore allowed and ordered paid by this Board on the 17th day of February, 1873, and having referred said appeal to the District Attorney as provided in sec. 93 of the Consolidation Act, and the opinion of said District Attorney having been received, read, and filed; now therefore,

"*Resolved*, That this Board finally approves, allows, and orders paid, said demand of the Spring Valley Water Works, in the sum of $92,000 for water used for municipal purposes up to November 30th, 1872."

That thereafter the demand was again presented to the respondent as Auditor, with a copy of the resolution, and he refused to enter the claim upon his books.

The respondent, in his answer, denied that the resolutions of the Board had been published as required by law; denied that the demand was based upon any lawful claim; and denied that the Board of Supervisors had power to authorize a payment for a sum not stated in exact terms.

The petitioner demurred to the answer; the demurrer was sustained, and the respondent appealed.

*W. C. Burnett* and *John F. Swift*, for Appellant.

No ordinance or resolution was ever duly passed by the Board of Supervisors for the payment of the $92,000, to compel the auditing whereof this application was made, as the resolutions were not published.     (Stats. 1856, p. 164, sec. 68.)

By neither of the resolutions did the Board appropriate any definite sum.    The resolution numbered 1132 does not attempt to authorize an expenditure; and by whom the expenditure is to be made, or by what process the exact amount within the sum of $92,000 is to be ascertained, the resolution fails to show.

The authority could not be to the Board of Supervisors itself, because that Board derives its authority alone from the statutes of our State.    Any attempt on the part of that Board to confer a power upon itself to appropriate indefinite sums of money above $500, without taking all of the proceedings to that end required by sec. 68 of the Consolidation Act, and fixing the amount definitely by such proceedings, would be nugatory.

The provisions of the Consolidation Act, enacted for the purpose of guarding the public treasury, are not to be evaded by indirection by means of an appeal.    The Board must first have acquired jurisdiction to pass upon and allow the original demand, or it will not have jurisdiction to hear the appeal.

*Charles N. Fox, Lloyd & Newlands*, and *J. P. Hoge*, for Respondent.

The defense that the resolution of authorization was not published for five days, by order of the Board of Supervisors, is not one which the defendant can now make. If the law required that the Board should specially order its publication, and designate the paper in which it was to be published, the action of the Board of Supervisors upon the claim when it came up on appeal from the refusal of the Auditor to audit the same was a ratification of the act of its ministerial officer in making such publication, as well as of all the preceding steps taken in the original passage of the bill, under the authorities before cited.

By the Court, McKinstry, J. :

If the amount claimed by plaintiff was never appropriated or allowed by the Board of Supervisors, in the manner according to which the Board is alone authorized to appropriate more than $500 of the public moneys, the Auditor will not be compelled, *by mandamus*, to enter in his book the demand and claim No. 895.

I understand this not to be seriously contested, and shall, therefore, proceed to inquire whether $92,000 was ever legally appropriated or allowed to plaintiff.

If the Consolidation Act had provided for the allowance, by a Committee of the Board of Supervisors, of a sum less than a larger sum set apart by ordinance, to be applied to the extent to which such Committee might deem proper to satisfy claims for water, or if the act had provided that some officer should have power thus to allow claims, the "Authorization" 1132 might, perhaps, be held to be valid.

The authorization or order is in the following words and figures :

"*Resolved*, That an expenditure, *not to exceed* ninety-two ($92,000) thousand dollars, be and the same is hereby authorized to be made out of the General Fund, for the purpose of

paying the Spring Valley Water Works for water used for municipal purposes," etc.

We have not been referred to any provision of the Consolidation Act which empowers the Board to make other than specific appropriations for such purposes as water, or which seems to recognize such power by providing a committee or officer to determine a less sum to be paid a claimant than the sum named in an attempted appropriation as " not to be exceeded."

The Auditor is not vested with such discretion in respect to claims for water furnished. It is claimed, and apparently justly, by plaintiff, that the Auditor's function in these matters is always ministerial simply. At all events, sec. 85 of the Consolidation Act, after treating of certain demands, of which a demand for water is not one, provides : "All other lawful demands payable out of the Treasury, or any public funds of said city and county, must, before they can be allowed by the Auditor, or in any manner be recognized or paid, be first approved by the Board of Supervisors," etc. This certainly requires that the precise amount of the demand shall be first fixed and approved by the Board. The whole scope of the act, so far as it relates to this subject, indicates an intention that every appropriation by ordinance of a sum of five hundred dollars or more should be of a definite amount. This appears not only from the clause of the eighty-fifth section of the act, but also from the language of the sixty-eighth section, and in a less degree from other provisions which breathe a spirit of extreme caution and want of confidence, characteristic of an author determined by all practicable means to prevent any extravagant expenditure of the moneys of the municipality.

The sixty-eighth section provides: " Every ordinance or resolution of the Board of Supervisors, providing for any specific improvement, the granting of any privilege, or involving the lease or other appropriation of public property, or the expenditure of public moneys, (except for sums less than five hundred dollars) or laying tax or assessment, and every ordinance or resolution imposing a new duty or penalty shall, after its introduction in the Board, be published, with the ayes and nays, in some city daily newspaper at least five successive days before final action of the Board upon the same."

It was evidently intended that the public should have notice of each specific appropriation, the object for which, and the person to whom it was to be paid, and of votes cast by members of the Board.

There seems to be no authority in the Board to provide for unliquidated amounts; they are in respect to such demands as these the auditing officers, whose duty is to pass upon demands presented against the city government, and (if they are just in themselves, and such as the law authorizes the Board to allow) to allow them in full, of in some less, but exact, amount.   They do not pass general appropriation laws; the law requires them to establish certain funds, and determines what claims may be made payable out of each.   In their capacity as auditors they pass on each claim presented, and determine in what precise amount it shall be paid out of a fund.

To declare by ordinance that an amount shall be set aside, out of which any less sum may be paid, implies that a less sum may in fact be paid out of the treasury.   Such an ordinance is invalid, because its publication does not convey to the citizens the information which, by the· Consolidation Act, they are entitled to receive, and because it is not an allowance or appropriation of a specific sum to a particular person, and for a named purpose.

Inasmuch as the original ordinance or " authorization " was void, the plaintiff can claim nothing from the subsequent action of the Board allowing the claim for $92,000, nor from the action of the Board on appeal from the Auditor, because neither the resolution allowing the demand, nor that passed on such appeal, was *published at all*.

Judgment reversed.

Rhodes, J., concurring specially:

I find nothing in the Consolidation Act authorizing the Board of Supervisors to pass an appropriation order or ordinance—an order or ordinance in the nature of an Appropriation Act of the General Assembly, by which certain sums of money are set apart in the Treasury for the payment of demands not then allowed or audited, such as the General Appropriation Act for

the two fiscal years succeeding the passage of the act. The Consolidation Act provides for the apportionment of the funds in the treasury, and no order in the nature of an Appropriation Act is necessary. The sixty-eighth section, in providing that " every ordinance or resolution of the Board of Supervisors pro- viding for * * * the expenditure of public moneys (except for sums less than $500) * * * shall after its introduction in the Board be published," etc., relates, as I construe those words, to the appropriation of specific sums of money for the demands which have been allowed or are allowed by the ordinance it- self. The case does not show the passage of an order of that character, and therefore, as I construe the act, there has been no valid appropriation of money for the payment of the plaint- iff's demand.

It was stated at the argument that the practice of the Board is in accordance with authorization No. 1132; but if it is not authorized by the statute defining the powers of the Board, it is erroneous, and such orders are void.

For these reasons, in addition to those stated in the opinion of Mr. Justice McKINSTRY, I concur in the judgment.

Mr. Chief Justice WALLACE, having been of counsel for the City and County of San Francisco in the litigation between it and the water company, declined to express an opinion in this ·case.